OPINION
{¶ 1} Appellant, Joseph R. Cole, appeals from the judgment of the Lake County Common Pleas Court, entered on a jury verdict convicting him of one count of gross sexual imposition. We affirm.
 {¶ 2} On July 28, 2002 Cole and his wife, Joann had a birthday party for their eight year old son. The party began around noon and ended around 10:30 p.m. Cole drank approximately 24 beers over this time. At approximately 10:30 p.m., Cole and Val Deering, Cole's neighbor and friend, left the party and went down the street to Deering's house for a nightcap as they had consumed all of the beer at Cole's house.
 {¶ 3} Cole drove his truck to Deering's house and pulled into the driveway. Deering's brother's truck was parked on the side of the driveway. After Deering and Cole each drank another beer, Cole got in his truck to leave. As he was backing out of the driveway, he struck Deering's brother's truck.
 {¶ 4} Deering and his brother heard the wreck and came out of the house. As the three men stood in the driveway discussing the accident, the twelve-year-old victim "Jane Doe" and her "aunt" Debra Michel stopped at Deering's house so Michel could have a conversation with Deering. As Deering and Michel had a conversation near the house, Jane Doe waited midway down the driveway. Cole approached Jane Doe and asked her name. Cole then began rubbing Jane Doe's back while making "mmm" sounds. Cole then moved his arm down and rubbed Jane Doe's buttock. When he did so, Jane Doe pushed his arm away, walked up the driveway and told Michel that they needed to leave. Jane Doe told Michel about the incident as they drove home.
 {¶ 5} Jane Doe, Michel, and Jane Doe's mom lived in the house behind Deering. A stockade fence separated the properties. Deering, who was friends with Michel, had placed ladders on each side of the fence so he could climb over the fence to visit Michel. About ten minutes after Michel and Jane Doe arrived home, Cole climbed the fence. Jane Doe was sitting outside with Michel and other family members. Jane Doe ran in the house when she saw Cole climbing the fence.
 {¶ 6} Jane Doe testified Cole walked past the bathroom toward a bedroom door and said to her, "Come here. Come with me. It will only take two minutes." Jane Doe then ran outside and Cole came out of the house and left.
 {¶ 7} Cole denied ever seeing Jane Doe or Michel at Deering's house or ever being in Jane Doe's house.
 {¶ 8} Cole was indicted on one count of gross sexual imposition, R.C.2907.05, a third degree felony, one count of importuning, R.C. 2907.07, a fourth degree felony, and one count of burglary, R.C. 2911.12, a second degree felony. He pleaded not guilty and the matter proceeded to jury trial. The jury convicted Cole on the gross sexual imposition count and acquitted him of the remaining charges. Following a hearing, the trial court sentenced Cole to serve one year in prison and labeled him a sexually oriented offender. Cole appeals from the judgment convicting him of gross sexual imposition, raising one assignment of error, "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 9} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.
 {¶ 10} Cole was convicted of gross sexual imposition under R.C.2907.05(A)(4). This section provides:
 {¶ 11} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 12} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 13} R.C. 2907.01(B) defines sexual contact as, "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 14} Cole challenges Jane Doe's testimony that Michel and Deering were only ten feet away when Cole touched her and testimony that Deering's brother was in the driveway with Michel when the incident took place.
 {¶ 15} Cole also argues that all of the evidence establishes he was very intoxicated, too drunk to be driving, and unable to walk without stumbling, yet Michel and Jane Doe testified they saw him climb the ladder over the fence.
 {¶ 16} Cole also claims testimony of Jane Doe, Michel and other witnesses was contradictory, uncertain, and unreliable.
 {¶ 17} After reviewing the entire record, weighing the evidence and reasonable inferences, and considering the credibility of the witnesses, we cannot say the jury clearly lost its way or created a manifest miscarriage of justice.
 {¶ 18} While there was some inconsistency in the testimony of the witnesses, all of the state's witnesses agreed on the underlying facts and sequence of events, i.e., Michel and Jane Doe were at Deering's house, Michel and Deering were talking in the driveway while Jane Doe waited, and Cole climbed the fence between the properties.
 {¶ 19} The alleged inconsistencies between the details of these events can be explained by the opportunity the various witnesses had to observe the events. For example, Deering testified he did not see Cole enter or leave Jane Doe's house but he also testified Cole went to Jane Doe's house several minutes before he did.
 {¶ 20} Most importantly to Cole's conviction, Jane Doe's testimony about Cole's conduct in the driveway was consistent and unwavering. The charge of gross sexual imposition was based solely on this conduct.
 {¶ 21} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.